IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

FILED
JAN 19 2010
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

David O. Smith, )
    Plaintiff, )
)
v. ) 1:08cv838 (LO/JFA)
)
United States of America, )
    Defendant. )

## MEMORANDUM OPINION

David O. Smith, a federal inmate proceeding pro se, filed this civil action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671, et seq., seeking damages for alleged medical malpractice by employees of the United States. Defendant the United States of America has moved for summary judgment, arguing that plaintiff failed to comply with the requirement of Virginia law which mandates that a "written opinion" from an "expert witness ... [that] the defendant ... deviated from the applicable standard of care and the deviation was a proximate cause of the injuries claimed" is a necessary prerequisite in tort actions based on health care or professional services rendered. Va. Code Ann. §8.01-581.1. Defendant also argues that the Court lacks subject matter jurisdiction over this action because the alleged negligence was committed by independent contractors rather than federal employees. Plaintiff was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he opted not to file a reply. For the reasons which follow, defendant's motion will be granted, and summary final judgment will be entered in favor of the United States.

## I. Background

Plaintiff, an inmate confined at the Federal Correctional Institution at Petersburg, Virginia, asserts in his single-count complaint that he sustained an injury to the ring or middle finger of his left hand in January, 2006.[1] In April, 2006, he was evaluated by orthopedic specialist Dr. Srivastava, and it was recommended that a corrective osteotomy be performed by Dr. Dhillon, a hand specialist. Compl. at 2. The procedure was approved by prison officials and was performed on August 22, 2006. Id. When the cast was removed in November, 2006, plaintiff's finger was curved to the left and he could not make a fist with his left hand. It was recommended that plaintiff wear a cast for six (6) weeks to realign the finger. However, when plaintiff was re-examined by Dr. Dhillon in 2007, he was informed that the tendon in the finger had been damaged during surgery, and that Dr. Dhillon needed to operate again to correct the problem. Compl. at 3. Plaintiff asserts that as the result of Dr. Dhillon's negligence, he possibly has lost the use of his finger and the proper use of his hand, which will may make it impossible for him to continue his occupation as a brick mason. As relief, he seeks compensatory damages and attorney fees from the United States, which allegedly is responsible for the malpractice and negligence of the individuals who treated plaintiff. Compl. at 4.

Plaintiff asserts, and defendant does not dispute, that he filed an apparently timely FTCA claim with the Bureau of Prisons concerning the salient events. Def's Ex. A. Plaintiff's FTCA claim was deemed denied by the Bureau of Prisons,[2] and the instant lawsuit followed.

---

[1] Defendant points out that plaintiff's descriptions in the complaint of which finger sustained the alleged injury are inconsistent, see Compl. ¶ ¶ 7, 25, but acknowledges correctly that this discrepancy is immaterial to resolution of the legal issues presented.

[2] To bring a claim against the United States under the FTCA for monetary damages, injury, or loss of property caused by a government employee within the scope of his employment, a plaintiff must first present his claim to the appropriate federal agency. See 28 U.S.C. § 2675(a). The federal

## II. Standard of Review

In reviewing defendant's Motion for Summary Judgment, the Court must view the facts in the light most favorable to the party opposing the motion. Porter v. U.S. Alumoweld Co., 125 F.3d 243, 245 (4th Cir. 1997). Summary judgment is appropriate where "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A "genuine" issue of material fact is present "if the evidence is such that a reasonable jury could . . . return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "When a motion for summary judgment is made and supported . . . [by affidavits], an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Unsubstantiated, conclusory claims without evidentiary support are insufficient to satisfy a non-moving party's burden on summary judgment. Carter v. Ball, 33 F.3d 450, 461-62 (4th Cir. 1994); Goldberg v. B. Green & Co., 836 F.2d 845, 848 (4th Cir. 1988).

As to defendant's alternate prayer for dismissal for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), a court in adjudicating such a motion may consider evidence beyond the pleadings without being required to convert the motion to one for summary judgment. Evans v. B. F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). That principle applies here because the sovereign immunity of the United States concerns the court's subject matter jurisdiction. Welch

---

agency must deny the claim in writing and send the denial to the plaintiff. However, if the agency fails to reach a final disposition within six months, the plaintiff may deem the claim denied for FTCA purposes. See id. This exhaustion requirement is jurisdictional and cannot be waived. Plyler v. United States, 900 F.2d 41, 42 (4th Cir. 1990).

3

v. United States, 409 F.3d 646, 650 (4th Cir. 2005). Plaintiff bears the burden of proving a court's subject matter jurisdiction, and the motion to dismiss should be granted if the jurisdictional facts are undisputed and the movant is entitled to prevail as a matter of law. Evans, 166 F.3d at 647.

### III. Merits

The United States is entitled to judgment in this action on both of the grounds it argues. As to its motion for summary judgment, the United States and its agencies enjoy sovereign immunity from suit unless Congress has explicitly abrogated such immunity. The FTCA provides a limited waiver of that immunity insofar as it allows the United States to be held liable "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government ... under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(2); see Suter v. United States, 441 F.3d 306, 310 (4th Cir.), cert. denied, 127 S.Ct. 272 (2006). Because the events upon which plaintiff's claim is based all took place at or near FCC Petersburg, Virginia law applies.

The Virginia Medical Malpractice Act ("VMMA") requires a plaintiff to obtain certification from an expert witness that his claim has merit before defendants are served with process.[3] Only

---

[3]Va. Code Ann. § 8.01-20.1 provides:

> Every motion for judgment, counter claim, or third party claim in a medical malpractice action, at the time the plaintiff requests service of process upon a defendant ... shall be deemed a certification that the plaintiff has obtained from an expert witness ... a written opinion signed by the expert witness that, based upon a reasonable understanding of the facts, the defendant ... deviated from the applicable standard of care and the deviation was a proximate cause of the injuries claimed.

where a complaint "asserts a theory of liability where expert testimony is unnecessary because the alleged act of negligence clearly lies within the range of the jury's common knowledge and experience" may a plaintiff forego this step. Unless that narrow exception applies, failure to comply with this requirement is fatal to a plaintiff's claim. Parker v. United States, 475 F. Supp. 2d 594, 597 (E.D. Va.), aff'd, 251 Fed. Appx. 818 (4th Cir. 2007).

It has been held in this district that the VMMA provision requiring acquisition of an expert opinion prior to service applies to claims brought against the United States pursuant to the FTCA. See id. (Ellis, J.); Bond v. United States, 2008 WL 4774004 (E. D. Va. Oct. 27, 2008) (Cacheris, J.).[4] In an analogous situation, the Fourth Circuit has held that the VMMA's damages cap applies in a FTCA suit against the United States. Starns v. United States, 923 F.3d 34, 37-38 (4th Cir. 1991). In this case, analysis of the nature of plaintiff's allegations reveals that his claim falls within the class of cases to which the certificate of merit requirement applies.

By its express terms, the VMMA's certification of merit requirement applies in a "medical malpractice action." Va. Code Ann.§ 8.01-20.1. Another provision of the Act defines "malpractice" as "any tort action or breach of contract action for personal injuries or wrongful death, based on health care or professional services rendered, or which should have been rendered, by a health care provider, to a patient." Va. Code Ann.§ 8.01-581. The gravamen of plaintiff's complaint here is that the osteotomy on his injured finger was performed negligently. Such a determination falls within the statutory definition of malpractice as, *inter alia*, "health care ... services rendered ... by a health care

---

[4]Because copies of the unpublished opinions cited here were supplied by the defendant, see Def. App., duplicate copies will not accompany this Memorandum Opinion.

provider, to a patient." Under these circumstances, plaintiff's claim is one for malpractice, as that term is defined in the VMMA.

Moreover, plaintiff's claim does not rest upon a theory of liability where expert testimony is unnecessary because "the alleged act of negligence clearly lies within the range of the jury's common knowledge and experience." Va. Code Ann.§ 8.01-20. Virginia law requires a plaintiff in a medical negligence action to demonstrate by a preponderance of the evidence both that defendant violated the applicable standard of care and hence was negligent, and also that the negligent act constituted a proximate cause of the plaintiff's injury or death. Bitar v. Rahman, 630 S.E. 2d 319, 323 (Va, 2006). Here, then, plaintiff to prevail would have to show both that the doctor who performed the osteotomy deviated from the applicable standard of care, and that such deviation was the proximate cause of plaintiff's allegedly permanent damage. Clearly, resolution of these issues does not lie within "the range of the jury's common knowledge and experience," and instead would be dependent upon the presentation of expert medical testimony. See, e.g., Raines v. Lutz, 341 S.E. 2d 194, 196 (Va. 1986) (recognizing that, in cases involving claims of medical negligence, "expert testimony is ordinarily necessary to establish the appropriate standard of care, to establish a deviation from the standard, and to establish that such a deviation was the proximate cause of the damages claimed"). Therefore, the VMMA's certificate of merit requirement applies in this case.

At this juncture, it is undisputed that plaintiff failed to obtain the requisite written expert certification before bringing this lawsuit. On March 31, 2009, counsel for defendant wrote a letter to plaintiff, explaining the VMMA provision and its applicability in a suit brought pursuant to the FTCA, and requesting that plaintiff return a certification that he had obtained the requisite written opinion of an expert witness prior to serving his complaint. Def. Ex. 5. Plaintiff responded that

because of his incarceration, he had not been examined by an independent expert and had not obtained a written opinion. Def. Ex. 6. No genuine issue of material fact thus exists as to the plaintiff's failure to fulfill the requirements of Va. Code Ann. § 8.01-20.1. Cf. Carter, 33 F.3d at 461-62. That being so, plaintiff's FTCA claim cannot proceed, Parker, 475 F. Supp. 2d at 597, and defendant the United States is entitled to the summary final judgment it seeks.[5]

Moreover, even were judgment on the merits in favor of the United States not appropriate, its alternate argument that the action is subject to dismissal for lack of subject matter jurisdiction also is meritorious. It is well established that the FTCA's waiver of sovereign immunity extends only to employees of the United States, and not to its independent contractors. United States v. Orleans, 425 U.S. 807, 814 (1976); Robb v. United States, 80 F.3d 884, 887 (4th Cir. 1996). Specifically with respect to physicians, the Fourth Circuit along with multiple other federal circuits holds that "physicians either in private practice or associated with an organization under contract to provide medical services to facilities operated by the federal government are independent contractors, and not employees of the government for FTCA purposes." Robb, 80 F.3d at 887.

Here, according to plaintiff's allegations, the physician who recommended the osteotomy was Dr. Srivastava, and the surgeon who performed it negligently was Dr. Dhillon. Neither of these doctors were employed by the United States at the time of the allegedly tortious events, or at any

---

[5]As to plaintiff's inferential argument in his response to defense counsel's letter that his incarcerated status should excuse him from the requirements of § 8.01-20.1, he is mistaken. It has been held in several occasions that federal inmates proceeding pro se under the FTCA are not exempt from the certificate of merit requirement, "despite the fact that his or her prisoner status adds hurdles to any attempt to obtain an expert." Kerr v. U. S. Dept. of Justice, 2008 WL 3928701 at *4 (E. D. Va. Aug. 21, 2008) (Lauck, J.); see also, Bramson v. Sulayman, 251 Fed. Appx. 84, 86-87 (3d Cir.), cert. denied, 128 S.Ct. 1666 (2008); Hill v. SmithKline Beecham Corp., 393 F.3d 1111, 1118 (10th Cir. 2004).

other time. Def. Ex. 2, ¶ 3. Instead, both are employed by a medical practice that contracts with the Bureau of Prisons' prime independent medical contractor to "provide[] specialized orthopedic services to FCC Petersburg inmates." Def. Ex. 2, ¶ 4. Therefore, both physicians are independent contractors and hence are not government employees for FTCA purposes, Robb, 80 F.3d at 887, and the United States cannot be held liable for their actions. Accordingly, defendant's motion to dismiss for lack of subject matter jurisdiction will be granted in the alternative.

## IV. Conclusion

Because "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law," Celotex Corp. v. Catrett, 477 U.S. at 322, defendant's motion for summary judgment will be granted, and summary final judgment will be entered in favor of the United States on plaintiff's claim pursuant to the FTCA. Defendant's alternate prayer for dismissal pursuant to Fed. R. Civ. P. 12 (b)(1) also will be granted. An appropriate order shall issue.

Entered this __19t__ day of __January__, 2010.

Alexandria, Virginia

/s/
Liam O'Grady
United States District Judge

8